**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHANKAR NARAINE,
*Individually, and on behalf of all others*
*similarly situated,*

                 Plaintiffs,

     v.

AUTOMOBILE WORKFORCE LLC,
d/b/a GENERAL WORKFORCE,

               Defendant.

**ANSWER**
**AFFIRMATIVE DEFENSES**

Case No. 1:18-cv-06696

        Defendant AUTOMOBILE WORKFORCE LLC, d/b/a GENERAL WORKFORCE ("Defendant"), by and through its attorneys, Jones Law Firm, P.C., as and for its Answer to the Complaint filed by SHANKAR NARAINE ("Plaintiff"), on behalf of himself and all others similarly situated, hereby responds as follows:

## NATURE OF THE ACTION

     1.   Admit that Plaintiff purports to allege claims pursuant to the Fair Labor Standards Act ("FLSA"); 29 U.S.C. §§ 216(b), 201, but denies that Plaintiff is entitled to the relief sought.

     2.   Admit that Plaintiff purports to complain on behalf of himself and a class of those similarly situated to him pursuant to Fed. R. Civ. Proc. 23; pursuant to New York Minimum Wage Act ("NYMWA"); N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663; and 12 NYCRR § 142-2.2, but denies that Plaintiff is entitled to relief sought.

     3.   Admit that Plaintiff purports to allege claims pursuant to the New York Labor Law ("NYLL") but denies that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

4.   The allegations set forth in paragraph 4 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

5.   The allegations set forth in paragraph 5 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

6.   The allegations set forth in paragraph 6 of the Complaint constitute legal conclusions which require neither an admission nor a denial.

## THE PARTIES

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.   Admit the allegations set forth in paragraph 8 of the Complaint.

9.   Neither admits nor denies the allegations set forth in paragraph 9 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond, except admit that Plaintiff seeks to define the "present" or "present time" as "the date this complaint was signed."

## STATEMENT OF FACTS

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations set forth in paragraph 11 of the Complaint.

12. The allegations set forth in paragraph 12 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. The allegations set forth in paragraph 13 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant admits the allegations set forth in paragraph 13 of the Complaint.

14. Admits the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. The allegations set forth in paragraph 17 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

18. The allegations set forth in paragraph 18 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

19. The allegations set forth in paragraph 19 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

20. The allegations set forth in paragraph 20 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

21. The allegations set forth in paragraph 21 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

22. Admits the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Admits the allegations set forth in paragraph 28 of the Complaint.

29. The allegations set forth in paragraph 29 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

30. The allegations set forth in paragraph 30 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

31. Neither admits nor denies the allegations set forth in paragraph 31 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond.

32. Neither admits nor denies the allegations set forth in paragraph 32 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 et Seq. (Overtime)

33. In response to the allegations set forth in paragraph 33 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 32 of the Complaint as if each were fully set forth herein.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Neither admits nor denies the allegations set forth in paragraph 36 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond, except admit that Plaintiff defines the class of similarly situated individuals under FLSA as "current and former employees of Defendant, who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week…."

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. The allegations set forth in paragraph 38 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

39. The allegations set forth in paragraph 39 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

40. The allegations set forth in paragraph 40 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. The allegations set forth in paragraph 42 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

**Relief Demanded**

43. The allegations set forth in paragraph 43 of the Complaint constitute legal conclusions

which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

44. In response to the allegations set forth in paragraph 44 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 43 of the Complaint as if each were fully set forth herein.

## CLASS ALLEGATIONS

45. Admits that Plaintiff purports to sue on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, but denies that Plaintiff is entitled to the relief sought.

46. Neither admits nor denies the allegations set forth in paragraph 46 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond, except admit that Plaintiff defines the class of similarly situated individuals under the NYLL as "current and former employees of Defendant, who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 3) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week…."

47. The allegations set forth in paragraph 47 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

48. Denies the allegations set forth in paragraph 48 of the Complaint.

49. The allegations set forth in paragraph 49 of the Complaint constitute legal conclusions

which require neither an admission nor a denial, but if a response is required, Defendant denies them.

50. The allegations set forth in paragraph 50 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

51. The allegations set forth in paragraph 51 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

52. The allegations set forth in paragraph 52 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

53. The allegations set forth in paragraph 53 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

54. The allegations set forth in paragraph 54 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

55. The allegations set forth in paragraph 55 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

56. The allegations set forth in paragraph 56 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

57. The allegations set forth in paragraph 57 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

**RELIEF DEMANDED**

58. The allegations set forth in paragraph 58 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

**AS AND FOR A THIRD CAUSE OF ACTOIN**
**NYLL § 190, 191, 193, 195 and 198**

59. In response to the allegations set forth in paragraph 59 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 58 of the Complaint as if each were fully set forth herein.

**CLASS ALLEGATIONS**

60. Admits that Plaintiff purports to sue on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, but denies that Plaintiff is entitled to the relief sought.

61. Neither admits nor denies the allegations set forth in paragraph 61 of the Complaint inasmuch as said paragraph does not contain any allegations which require Defendant to respond, except admit that Plaintiff defines the class of similarly situated individuals under NYLL 195(1) and NYLL 195(3) as "current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

62. The allegations set forth in paragraph 62 of the Complaint constitute legal conclusions

which require neither an admission nor a denial, but if a response is required, Defendant denies them.

63. The allegations set forth in paragraph 63 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

64. Denies the allegations set forth in paragraph 64 of the Complaint.

65. The allegations set forth in paragraph 65 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

66. The allegations set forth in paragraph 66 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

67. The allegations set forth in paragraph 67 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

68. The allegations set forth in paragraph 68 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

69. The allegations set forth in paragraph 69 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

70. The allegations set forth in paragraph 70 of the Complaint constitute legal conclusions

which require neither an admission nor a denial, but if a response is required, Defendant denies them.

71. The allegations set forth in paragraph 71 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

72. The allegations set forth in paragraph 72 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them.

73. The allegations set forth in paragraph 73 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

74. The allegations set forth in paragraph 74 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

**Relief Demanded**

75. The allegations set forth in paragraph 75 of the Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendant denies them and further denies any assumptions underlying said allegations.

**PRAYER FOR RELIEF**

Deny that Plaintiff and the purported FLSA Plaintiffs and Class Action Plaintiffs are entitled to any of the relief described in the "WHEREFORE" clause of the Complaint, including sub-paragraphs 76 through 82 thereof.

Deny each and every allegation in the Complaint not expressly admitted to herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some or all of the purported FLSA Plaintiffs and Class Action Plaintiffs.

### FIRST DEFENSE

1.  The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.  Defendant Automobile Workforce LLC, d/b/a General Workforce is not a proper defendant in this action as it was not Plaintiff's "employer" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

### THIRD DEFENSE

3.  To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

### FOURTH DEFENSE

4.  Plaintiff's Rule 23 class claims are incompatible with his Rule 216(b) collective action claims. Accordingly, this Court should dismiss Plaintiff's Rule 23 class allegations with prejudice and allow Plaintiff to assert his state law wage and hour claims on an individual basis in this action.

**FIFTH DEFENSE**

5.   Defendant, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint.   Defendant asserts good faith as a defense to any claim by Plaintiff for liquidated damages.

**SIXTH DEFENSE**

6.   Defendant, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Complaint, and so, Plaintiff cannot establish a willful violation.

**SEVENTH DEFENSE**

7.   Plaintiff's claims are barred, in whole or in part, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, and other applicable regulatory guidance and precedent.

**EIGHTH DEFENSE**

8.   Plaintiff's claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

**NINTH DEFENSE**

9.   Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**TENTH DEFENSE.**

10. If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, Defendant is entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

**ELEVENTH DEFENSE**

11. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

**TWELFTH DEFENSE**

12. Plaintiff's claims are barred by equitable defenses including unclean hands, *in pari delicto* and/or laches.

**THIRTEENTH DEFENSE**

13. The Complaint fails to state a claim upon which prejudgment interest may be granted.

**FOURTEENTH DEFENSE**

14. Plaintiff's class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendant's defenses to such claims are required.

**FIFTEENTH DEFENSE**

15. Plaintiff's claim pertaining to alleged off-the-clock work for non-overtime hours fails in

any workweek in which Plaintiff's total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

**SIXTEENTH DEFENSE**

16. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendant requests judgment against Plaintiff with respect to his claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendant, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: January 29, 2019
       New York, New York

By: /s/ Bryce Jones
T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 Seventh Avenue, Suite 1408
New York, NY 10123
212-258-0685
bryce@joneslawnyc.com
*Attorneys for Defendant*