# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**  Tel: 718-740-1000
Email: abdul@abdulhassan.com  Fax: 718-740-2000
*Employment and Labor Lawyer*  Web: www.abdulhassan.com

**May 3, 2019**

**Via ECF**

Hon. Steven M. Gold, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Tel: 718-613-2560
Fax: 718-613-2565

<u>Re: Naraine v. Automobile Workforce LLC</u>
Case #: 18-CV-06696 (MKB)(SMG)
Motion for Settlement Approval

Dear Magistrate-Judge Gold:

    My firm represents plaintiff Shankar Naraine ("Plaintiff" or "Naraine") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's April 3, 2019 order which states in relevant part as follows:

> STATUS REPORT ORDER: Counsel shall file a motion for approval as required pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), or joint status report letter by May 3, 2019. Ordered by Magistrate Judge Steven M. Gold on 4/3/2019.

    Exhibit 1 is a copy of the settlement agreement signed by Plaintiff – a fully-executed copy of the settlement agreement will be submitted to the Court once Defendant formally signs.

    Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL as well as liquidated damages. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL 195.

    Based on the allegations in the complaint, Plaintiff is owed about $16,867.50 in unpaid overtime and non-overtime wages. If Defendant establishes a good-faith defense, it may be able to avoid liquidated damages. Plaintiff was employed by Defendant from April 2018 to on or

about November 19, 2018 and the complaint in this action was filed on November 23, 2018. (See ECF No. 1). Defendant does not believe that the travel time claimed by Plaintiff is compensable and in general denies Plaintiff's claims.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant. Once again, Defendant denies any liability under these claims.

The total settlement amount is $35,000. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $23,025 after costs and a 1/3 contingency fee.

Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Five Hundred and Fifty-Eight Dollars ($463) in filing ($400), and service costs ($63), plus a 1/3 contingency fee of Eleven Thousand, Five Hundred and Twelve Dollars ($11,512)[1]. (Ex. 1 ¶ 2(c)).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Vassell v. Village Plumbing & Heating, Inc. et al*, 17-CV-03510 (Magistrate-Judge

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

Pollak – EDNY)(1/3 fee of $8,815 under *Cheeks*); *Ortiz v. Threeline Imports, Inc. et al*, 17-cv-02411 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,148 under *Cheeks*); *Myers v. Bowl 360 Inc. et al*, 16-CV-06684 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $6,815 under *Cheeks*); *Harris v. O'Connell Protection Services, LLC et al*, 17-CV-02226 (Judge Feuerstein – EDNY)(1/3 fee of $10,315 under *Cheeks*); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*);. *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*).

       In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues – the payment Plaintiff is due to receive can reasonable be viewed as covering all his FLSA wages claimed. Third, Defendant disputes the hours claimed by Plaintiff. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

       Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**    **Defense Counsel via ECF**