# SETTLEMENT AGREEMENT AND RELEASE

Automobile Workforce LLC, d/b/a General Workforce ("Defendant") on the one hand, and Shankar Naraine ("Naraine") on the other hand, desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a.  "Plaintiff" shall be defined as Shankar Naraine.

    b.  "Defendant" shall be defined as Automobile Workforce LLC, d/b/a General Workforce.

    c.  "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on November 23, 2018, in the United States District Court, Eastern District of New York, with Civil Action #: 18-CV-06696 (MKB)(SMG).

2. **Consideration**. In consideration for Shankar Naraine signing this Agreement and the release of claims herein, Defendant Automobile Workforce LLC, d/b/a General Workforce agrees to make the following payments totaling $35,000:

    a.  A payment to "Shankar Naraine" in the amount of Eleven Thousand, Five Hundred Twelve Dollars and Zero Cents ($11,512), less applicable taxes and withholdings to be reported on and IRS Form W-2, due within ten (10) days of the court's approval of this settlement agreement; *S·N*

    b.  A payment to "Shankar Naraine" in the amount of Eleven Thousand, Five Hundred Thirteen Dollars and Zero Cents ($11,513), representing liquidated and other damages to be reported on and IRS Form 1099-MISC (Box 3) due within ten (10) days of the court's approval of this settlement agreement; *S·N*

    c.  A payment to "Abdul Hassan Law Group, PLLC" in the amount of Eleven Thousand, Nine Hundred Seventy-Five Dollars and Zero Cents ($11,975), representing a 1/3 contingency fee ($11,512) plus costs ($463) to be reported on and IRS Form 1099-MISC (Box 14) due within ten (10) days of the court's approval of this settlement agreement; *S·N*

    d.  The payments above shall be sent to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff's Counsel shall hold the settlement payments until the seven-day revocation period has expired. Plaintiff has agreed to waive the 21-day review period.

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all wage and hour claims under the FLSA and NYLL, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. **Acknowledgments and Affirmations**.

   a. Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff authorizes his attorney to seek approval of the settlement and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Naraine was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Naraine is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

PLAINTIFF:

SHANKAR NARAINE

By: _/s/ Shankar Naraine_

Date: 04/28/19

DEFENDANT:

AUTOMOBILE WORKFORCE LLC,
D/B/A GENERAL WORKFORCE

By: _/s/ V. Inderkarran_

Print Name VISHWANATH INDERKARRAN

Title CEO

Date: 5/3/19

3